IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NILDA I. AGOSTINI-CISCO,

Plaintiff

v.                                          CIVIL 13-1122(JA)

COMMISSIONER OF SOCIAL SECURITY,

Defendant

OPINION AND ORDER

I. PROCEDURAL BACKGROUND

On February 11, 2013, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied her application for a period of disability and Social Security disability insurance benefits. (Docket No. 1). She filed a memorandum of law seeking reversal of the final decision on November 18, 2013.  (Docket No. 18).   Defendant filed a memorandum in support of the final decision on  January 16, 2014 (Docket No. 21).

Pursuant to 42 U.S.C. § 405(g), the court is empowered to affirm, modify, reverse or remand the decision of the Commissioner, based upon the pleadings and transcript of the record.  See 42 U.S.C. § 405(g).  In reviewing a Social Security decision, the factual findings of the Commissioner shall be conclusive if supported by "substantial evidence" in the record.  See Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting 42 U.S.C. § 405(g)). "Substantial evidence" is more than a "mere scintilla," see Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420 (1971), in other words, it is "such relevant evidence as a reasonable mind might accept as  adequate to support a conclusion."

CIVIL NO. 13-1122 (JA)                    2

See id.; also see Currier v. Sec'y of Health & Human Servs., 612 F.2d 594, 597 (1st Cir. 1980); Taylor v. Astrue, 899 F. Supp. 2d 83, 85 (D. Mass. 2012).  In reaching the final decision, it is the Commissioner's responsibility to determine issues of credibility and to draw inferences from the evidence in the record.  See Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Plaintiff has the burden of proving that she has become disabled within the meaning of the Social Security Act.  See Bowen v. Yuckert, 482 U.S. 137, 138, 107 S. Ct. 2287  (1987).  A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months.  See 42 U.S.C. § 416(i)(1).  In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits.  There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity.  See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability does not qualify a claimant for benefits.  See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965).

The only issue for the court to determine in this case is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole.  In order to be entitled to such benefits, plaintiff must establish that she was disabled under the Act at any time on or before March 31, 2010, the date plaintiff was last insured. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, Administrative Law Judge Lissette M. Figueroa entered the following findings on January 13, 2012:

CIVIL NO. 13-1122 (JA)                3

1.  The claimant last met the insured status requirements of the Social Security Act on March 31, 2010.

2.  The claimant did not engage in substantial gainful activity during the period from her alleged onset date of November 4, 2009 through her date last insured of March 31, 2010. (20 CFR 404.1571 *et seq.*).

3.  Through the date last insured, the claimant had the following severe combination of impairments: arterial hypertension, coronary artery disease, mitral valve prolapse, fibromyalgia, cervical myositis, lower back pain, neuropathy and moderate major depressive disorder with anxiety (20 CFR 404.1520(c)).

4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), claimant is able to lift and carry twenty (20) pounds occasionally and ten (10) pounds frequently; sit, stand/walk for six hours in an eight hour work day, frequently climb ramps/stairs, balance, cannot climb ladders, ropes and scaffolds, limited to occasional push and pull with her arms, but no limitations of the lower extremities.  She cannot be exposed to extreme temperature changes (hot/cold) and humidity, gases, dust, fumes, unprotected heights, potentially dangerous situations and/or moving machinery.  Her emotional condition limits her to simple activities with few changes in the work setting, she is able to understand and remember short-simple instructions, she can have contact with the public and is able to relate to her co-workers and supervisors.

6.  Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on November 10, 1962 and was 47 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.   Transferability of skills is not an issue in this case because claimant's past relevant work is unskilled. (20 CFR 404.1568).

10.  Through the date last insured, considering  the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have  performed (20 CFR 404.1569 and 404.1569(a)).

11.  The claimant was not been under a disability, as defined in the Social Security Act, at anytime from November 4, 2009, the

CIVIL NO. 13-1122 (JA)                    4

alleged onset date, through March 31, 2010, the date last insured. (20 CFR 404.1520(g)).

Tr. at 14-24.

The administrative law judge ended the sequential inquiry at step five. At this level, it has already been determined that the claimant cannot perform any work she has performed in the past due to a severe impairment or combination of impairments.   The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work.  If the claimant cannot, a finding of disability will follow.  <u>See</u> 20 C.F.R. § 404.1520(f).  At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the above factors. <u>See</u> <u>Nguyen v. Chater</u>, 172 F.3d 31 (1st Cir. 1999); <u>Lancelotta v. Secretary of Health & Human Servs.</u>, 806 F.2d 284 (1st Cir. 1986); <u>Vázquez v. Secretary of Health & Human Servs.</u>, 683 F.2d 1, 2 (1st Cir. 1982); <u>Rodriguez-Gonzalez v. Astrue</u>, 854 F. Supp. 2d 176, 180 (D.P.R. 2012).

## II. ARGUMENT

Plaintiff argues in her memorandum of law that the administrative law judge did not apply the correct legal standard in presenting the vocational expert who testified at the administrative hearing with hypothetical questions that did not accurately reflect all of plaintiff's limitations, and which ignored reports of the treating psychiatrist without giving good reasons for doing so.  Indeed the administrative law judge is charged with having ignored reports of State agency consultants rather than provide specific reasons for the weight given to the medical opinions.  Plaintiff stresses that the final decision clearly violates the substantial evidence rule for a variety of reasons, but specifically for applying the wrong legal standards. But even if there is substantial evidence in the Commissioner's factual

CIVIL NO. 13-1122 (JA)                     5

findings, it is also the duty of the court to determine if the correct legal standards were applied.  (Docket No. 18).

The Commissioner argues that the final decision complies with the requirements of the substantial evidence rule, and that the administrative law judge used the correct legal standard in weighing the reports of consultative and treating physicians.  The Commissioner also argues that the hypothetical questions were proper, that plaintiff's credibility was correctly weighed and that the residual functional capacity assessment that plaintiff could perform light work was supported by substantial evidence, including the longitudinal medical record.  (Docket No. 21).

### III. ADMINISTRATIVE PROCEEDINGS

At the administrative hearing held in Mayaguez, Puerto Rico on December 6, 2011, plaintiff was well represented by attorney Fernando A. Diez.  Plaintiff signed a waiver of appearance and did not testify.  Dr. Andres Cintron Antommarchi, vocational expert, testified that plaintiff's past relevant work was as a sewing machine operator (in a military uniform factory) which is considered a non-skilled occupation and therefore transferability of skills is immaterial.   Responding to a lengthy hypothetical question, the expert testified that such a person would not be able to perform the job.  The expert found opined that in the hypothetical question, a person could perform light work with limitations, such as not crawling, squatting or constantly kneeling.  Plaintiff could not work with vibrations, dangers or heights without protection. (Tr. at 36).  The vocational expert then noted the existence of jobs in the national economy which in his professional opinion plaintiff could perform, such as Assembler, Electrical Accessories (Electrical Industry), Wire Worker (Electrical and Electronic Industry), and Ticket Printer and Tagger. (Tr. at 38-40). The administrative law judge then considered more severe restrictions and

CIVIL NO. 13-1122 (JA)                    6

the vocational expert determined that plaintiff could not sustain those employments. (Tr. at 41-42).  Plaintiff's representative asked the expert that if marked limitations in the ability to maintain concentration and attention on assigned tasks, in her ability to portray behaviors that are not disruptive to the work place, and to tolerate criticism that is associated with supervision were added, would the conclusion be the same, and the expert states that she would not be able to perform either the previous occupation or those the expert mentioned.  (Tr. at 43-44).

.    IV. MEDICAL HISTORY

A Psychiatric Review Technique  Form dated March 17, 2011 by Jesus Soto Espinosa, Ph. D., noted no medically determinable mental impairment. (Tr. at 228-41). A psychiatric medical report of the same date by Dr. Ariel Rojas Davis, plaintiff's treating psychiatrist, included a mental residual functional capacity assessment reflecting marked limitations in understanding and memory, sustained concentration and persistence, social interaction and some adaptation, with moderate limitations in the ability to ask simple questions and request assistance, as well as in the ability to remember locations and work-like procedures.  (Tr. at 248-52). He concluded that the physical conditions and depression, as well as the lack of interest and concentration  do not let petitioner perform duties. (Tr. at 399-400). Petitioner was oriented in person, place and time. Her memory was preserved but has had memory problems since 2007, and loses attention frequently.  Another mental residual functional capacity assessment by Dr. Rojas Davis dated October 28, 2011 had similar results. (Tr. at 306-10).  His diagnosis was consistently major depressive disorder, recurrent, and prognosis poor.   Dr. Rojas Davis treated plaintiff since 2007 and found her disabled beginning in that year.  He felt that she

CIVIL NO. 13-1122 (JA)                    7

would be absent from work at least four times a month.  He also noted that she had a GAF of 50.

On November 7, 2011, Dr. Grace Mariani reported that plaintiff's depression had worsened since the last evaluation.  She has treated plaintiff since January 13, 2003 with a frequency of every two to three months.  She diagnosed hypertension, cardiac arrhythmia, depression, herniated disc and mitral valve prolapse. Symptoms included chest pain, palpitations, fatigue, and dizziness.  The chest pain was almost every day with crushing pain in the precordial area, radiating to the neck. The chest pain episodes lasted thirty minutes.  The prognosis was guarded.

Dr. Geraldo Gonzalez, a treating internist, had seen plaintiff since 2007. Diagnoses included cervical myositis, degenerative joint disease, and fibromyalgia. There was marked limitation in cervical and lumbar range of motion.  Plaintiff was found to have severe headache pain which increased with neck movement. Also associated with the headaches were vertigo, nausea, photosensitivity, impaired sleep, visual disturbance, with frequency of 2-3 per week, and duration of 3-4 hours.  This required plaintiff to go to a dark room and apply cold packs.

Dr. Juan R. Garcia, treating internist, diagnosed herniated disc, muscle spasms, arterial hypertension and major depressive disorder.   The doctor noted severe physical impairments and limitations also due to the use of anti depression medication.  He saw plaintiff eleven times, mostly outside the covered period, the first visit being March 10, 2010.   (Tr. at 384-87).

V. ANALYSIS

Plaintiff argues that the administrative law judge did not give proper weight to the treating physicians' medical reports and that good reasons were not given in the weighing of treating physician opinions.

CIVIL NO. 13-1122 (JA)                    8

It is well settled that even the opinions of treating physicians are not entitled to greater weight merely because they are treating physicians.  Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982); Pérez v. Sec'y of Health, Educ. & Welfare, 622 F.2d 1, 2 (1st Cir. 1980); Mercado v. Commissioner of Social Sec., 767 F. Supp. 2d 278, 285 (D.P.R. 2010); Delgado-Quiles v. Comm'r. of Social Sec., 381 F. Supp. 2d 5, 8-9 (D.P.R. 2005); Rosado-Lebrón v. Comm'r of Social Sec., 193 F. Supp. 2d 415, 417 (D.P.R. 2002).  In disagreeing with the treating psychiatrist's assessment, the administrative law judge noted that the progress notes failed to reveal clinical signs compatible with significant mental pathology, and that the medical evidence reflected a mental condition that was moderate in intensity from the medical standpoint. (Tr. at 19).  Nevertheless, controlling weight may be granted when the opinion of the treating physician is well-supported by medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. §404.1527(d).  The opinion of such a treating physician can be rejected if it is inconsistent with other substantial evidence in the record.  See 20 C.F.R. § 404.1527(c);  cf. Rivera v. Astrue, 814 F. Supp. 2d 30, 37-38 (D. Mass. 2011).  The weighing of such inconsistencies is a function delegated to the administrative law judge, not to the court on judicial review. Olmeda v. Astrue, ____F. Supp. 2d ____, 2014 WL 1477402 (D.P.R. April 15, 2014) at *7.  While inconsistencies do not flourish in the record, they are referred to by the administrative law judge in the weighing of the evidence and the reasons for such weighing.  Consequently, the administrative law judge was not required to give the opinion of Dr. Rojas Davis controlling weight.  See 20 C.F.R. § 404.1527(d); Camacho v. Astrue, 978 F. Supp. 2d 116, 121 (D.P.R. 2013); Berríos-Vélez v. Barnhart, 402 F. Supp. 2d 386, 391 (D.P.R. 2005); cf. Sánchez v. Comm'r

CIVIL NO. 13-1122 (JA)                    9

of Soc. Sec., 270 F. Supp. 2d 218, 221 (D.P.R. 2003).  Certainly, as plaintiff points out, the administrative law judge must "always give good reasons" for the weight accorded to a treating source's opinion.  See Pagan-Figueroa v. Comm'r of Soc. Sec., 623 F. Supp. 2d 206, 210-11 (D.P.R. 2009); cf. Sanchez-Ortiz v. Comm'r of Soc. Sec., ___F.Supp.2d___, 2014 WL 494872 (D.P.R. Feb. 7, 2014) at *10. Plaintiff takes issue with the lack of "good reasons" for not giving controlling weight to the treating psychiatrist's assessment.  Generally, the more consistent an opinion is with the record as a whole, the more weight is given to it. 20 C.F.R. § 404.1527 (c)(4); also see SSR 96-2p; Bouvier v. Astrue, 923 F. Supp. 2d 336, 347-48 (D.R.I., 2013).  The antithesis is also true.  In this case, the administrative law judge noted that there is a dearth of medical evidence during the covered period for the administrative law judge to find disability under the Social Security Act.   The administrative law judge gave little weight to treating sources because their medical records failed to reveal significant limitations in the range of motion of the cervical and lumbosacral spine.  There was no evidence of persistent tenderness, muscular spasms or spinal deviations.  (Tr. at 16).  The administrative law judge noted that the reports failed to provide information regarding the treatment provided or its frequency, particularly in relation to those reports of Dr. Garcia and Dr. Gonzalez. (Tr. at 17).   And the progress notes submitted in relation to Dr. Garcia were not taken into consideration independently because they are mostly comprised of treatment rendered after plaintiff was insured for disability insurance benefits. (Tr. at 18).

        In relation to Dr. Rojas Davis' progress notes and reports of treatment, the administrative law judge gave them no consideration where they referred to conditions after plaintiff ceased to be insured for purposes of disability benefits.

CIVIL NO. 13-1122 (JA)                    10

Based on a longitudinal analysis, the administrative law judge found that from November 4, 2009 through March 31, 2010, plaintiff's moderate major depressive disorder limited her to simple activities with few changes and other limitations as described in Findings No. 5 (Tr. at 21).  The administrative law judge rejected Dr. Rojas Davis' conclusions because they were unsupported by his own medical findings.

With this history as background, it is difficult to find that the administrative law judge applied the wrong legal standard in reaching the determination of non-disability, regardless of whether a reviewing court agrees with the final decision. It is certainly well reasoned.

Petitioner cites Polanco-Quinones v. Astrue, 477 Fed. App'x. 745, 2012 WL 1502725 (1st Cir. 2012) as controlling in this case.  Because that case is the linchpin for some actions brought under 42 U.S.C. § 405 (g)  in this district, it bears some discussion.  See Vazquez-Rivera v. Commissioner of Social Sec., 943 F. Supp. 2d 300, 310 (D.P.R. 2013);  Hernandez v. Commissioner of Social Sec., ___F. Supp.2d___, 2013 WL 5674498 (D.P.R. Oct. 17, 2013) at *7; also see Bouvier v. Astrue, 923 F. Supp. 2d at 347-48. In Polanco-Quinones v. Astrue, supra, the administrative law judge presented a rote conclusion that the treating physician's opinions were not well-supported. See Mendez v. Astrue, 2013 WL 237615 (D.P.R. Jan. 22, 2013) at *3.  The court of appeals determined that the administrative law judge "gave absolutely no reasons for his conclusion that Dr. Pujol's opinions were not well-supported". Polanco-Quinones v. Astrue, 477 Fed. App'x. at 746.  The court of appeals did note that the fact that the administrative law judge found the treating physician's opinions defective because the findings were not "contemporaneous"

CIVIL NO. 13-1122 (JA)                    11

and because the opinions failed to present a longitudinal  record were not good reasons for finding the opinions to be not well supported.  Id. at 747-48.

In this case, the administrative law judge comprehensively gives his reasons for weighing the reports of treating physicians in the manner that he did. For example, Dr. Mariani had seen plaintiff since 2003 but plaintiff was not seen during the covered period.  And while there were allegations of intractable pain, the lack of treatment during the covered period rests credence to the intensity of such pain. Such lack of treatment is a factor which the administrative law judge may and did rely on in reaching a conclusion. See e.g. Arnone v. Bowen, 882 F.2d 34, 39 (2nd Cir. 1989).    Therefore, Polanco-Quinones v. Astrue, 477 Fed. App'x. 745 is not controlling.   Of course, if the treating physician's reports explain the basis for the medical opinion, rather than merely stating his conclusions without any support or explanation, then the reports or opinions are reliable. See Merrit-Sullivan v. Astrue, 2013 WL 609 6750 (D.P.R. Nov. 20, 2013) at *4, citing Soto-Cedeno v. Astrue, 380 F. App'x 1, 3 (1st Cir. 2010) and Vazquez-Rivera v. Commissioner of Social Sec., supra.

The administrative law judge goes to great length to explain the weight given to each physician's reports and opinions but ultimately it becomes clear that evidence of disabling impairment is missing relevant to the covered period except in conclusory fashion, particularly since there is veritably no treatment for symptoms during that five month period.  Dr. Mariani's conclusions are inconsistent with the lack of treatment for a disabling condition. Dr. Garcia's reports reflect conservative treatment for what should be a disabling condition or combination of conditions. Dr. Gonzalez's conclusions show severe restrictions but cover the period before the crucial one.   Jesus Soto Espinosa, Ph. D., found no medically

CIVIL NO. 13-1122 (JA)                    12

determinable mental impairment, nor did Jeanette Maldonado, Ph.D., in reviewing the evidence during the covered period. (Tr. at 258-59). See Tassel v. Astrue, 882 F. Supp. 2d 143, 147 (D. Me. 2012).  *A fortiori*, the administrative law judge gave good reasons for the weight he attributed to the treating physicians.

## VI. HYPOTHETICAL QUESTIONS

        The administrative law judge also relied on the testimony of a vocational expert which assisted him in translating medical evidence of physical and mental limitations into functional terms.   Presented with numerous factors related to plaintiff's mental limitations, as well as physical limitations,  in the questioning of the administrative law judge, the vocational expert determined that there were certain jobs plaintiff could perform of a light, unskilled nature, reflecting the numerous limitations proffered by the administrative law judge. (Tr. at 36-41). The administrative law judge asked one hypothetical question assuming levels of exertional and non-exertional limitations. (Tr. at 41-42). The administrative law judge asked a hypothetical question the inputs into which must correspond to conclusions that are supported by the outputs of the medical authorities.  Arocho v. Sec'y of Health & Human Services, 670 F.2d 374, 375 (1st Cir. 1982);  Olmeda v. Astrue, ____F. Supp. 2d ____, 2014 WL 1477402 at *8. "Nevertheless, '"the [administrative law judge] is required only to incorporate into his hypotheticals those impairments and limitations that he accepts as credible."' Simila v. Astrue, 573 F.3d 503, 521 (7th Cir. 2009) (quoting Schmidt v. Astrue, 496 F.3d 833, 846 (7th Cir. 2007)."  Mercado v. Commissioner of Social Sec., 2013 WL 5315763 (D.P.R. Sep. 20, 2013) at *5; Olmeda v. Astrue, ____F. Supp. 2d ____, 2014 WL 1477402 at *8; also see Rodriguez v. Colvin, 2014 WL 1309964 (D.P.R. Mar. 31, 2014) at 7.

CIVIL NO. 13-1122 (JA)                    13

Plaintiff takes issue with the failure of the administrative law judge to have asked certain questions related to his limitations.  This argument always is cause for pausing because of the non-adversarial nature of these proceedings and a claimant's right to a full and fair hearing.  <u>See</u> <u>Bermontiz-Hernandez v. Commissioner of Social Sec.</u>, 2013 WL 149640 (D.P.R. Jan. 14, 2013) at *10. However, plaintiff was well represented by counsel at the hearing, as reflected by the questioning of the vocational expert by plaintiff's representative (Tr. at 43-44). And the hypothetical questions were based upon findings reflected in both treating and non-examining physicians as well as the opinion of the vocational expert.  There was nothing unfair nor improper in relation to such questioning.

## VII. CONCLUSION

Plaintiff's treating physicians hold strong opinions as to her inability to engage insubstantial gainful activity but the administrative law judge has reasonably explained the reasons those opinions were rejected.  The final decision that plaintiff has the residual functional capacity to perform light  work as defined in 20 CFR 404.1567(b), except for the limitations described in Findings 5  (Tr. at 21) reflects a reasonable balancing and weighing of evidence and the making of credibility determinations by the administrative law judge.   <u>See</u> <u>Gray v. Heckler</u>, 760 F.2d 369, 374 (1st Cir. 1985); <u>Tremblay v. Sec'y of Health & Human Servs.</u>, 676 F.2d 11, 12 (1st Cir. 1982); <u>Rodríguez v. Sec'y of Health & Human Servs.</u>, 647 F.2d at 222.   In that weighing, again, the power to resolve conflicts in the evidence lies with the Commissioner, not the courts.   <u>Id.</u>; <u>see</u> <u>Barrientos v. Sec'y of Health & Human Servs.</u>, 820 F.2d 1, 2-3 (1st Cir. 1987).  The rationale of the administrative law judge is sufficiently detailed, and a reasonable weighing of the evidence does not point to the Commissioner's  finding plaintiff to be disabled under the Social

CIVIL NO. 13-1122 (JA)                    14

Security Act.  Thus, the court must affirm the decision, whether or not another conclusion is possible.  See Ortiz v. Sec'y of Health & Human Svcs., 955 F.2d at 769; Suarez-Linares v. Commissioner of Social Sec., 962 F. Supp. 2d 372, 379 (D.P.R. 2013)

        In view of the above, and there being no good cause to remand based upon a violation of the substantial evidence rule, nor upon a finding that the Commissioner has implemented a wrong legal standard, the final decision of the Commissioner is affirmed and this action is dismissed.  The Clerk will enter judgment accordingly.

        At San Juan, Puerto Rico, this 16th day of July, 2014.


                        S/JUSTO ARENAS
                UNITED STATES MAGISTRATE JUDGE

                            /



        .